**Susan TAYLOR, on Behalf of her minor son Zachary TAYLOR, Plaintiff and Respondent,**

v.

**OGDEN CITY SCHOOL DISTRICT, Defendant and Petitioner.**

No. 940450.

Supreme Court of Utah.

Sept. 13, 1995.

James R. Hasenyager, Ogden, for plaintiff.

Jan Graham, Atty. Gen., Brent A. Burnett, Asst. Atty. Gen., Salt Lake City, for defendant.

ON CERTIORARI TO THE UTAH COURT OF APPEALS

PER CURIAM:

This case is here on a writ of certiorari to the Court of Appeals to decide whether the exceptions to the waivers of immunity in section 10 of the Governmental Immunity Act, Utah Code Ann. § 63–30–10(1) (Supp. 1995), apply to Utah Code Ann. § 63–30–9 (1993). After the petition for a writ of certiorari was granted, that issue was dispositively decided by this Court's opinion in *Keegan v. State of Utah*, 896 P.2d 618 (Utah 1995). Because the Court of Appeals decided the issue contrary to this Court's ruling in *Keegan*, that ruling is reversed.

Because the Court of Appeals ruled only that the "discretionary function" exception to the waiver of immunity in § 63–30–10(1) did not apply to § 63–30–9, that court did not address other issues raised by plaintiff in the appeal to the Court of Appeals. Those issues therefore remain to be decided. Rather than remanding the case to the Court of Appeals for additional proceedings, this Court will address those not decided by that court. For that purpose, the parties are directed to brief the following issues:

(1) Whether the injuries allegedly suffered by plaintiff "arose out of" the assault and battery exception to the waiver of immunity in Utah Code Ann. § 63–30–10(2) or whether those injuries arose out of the alleged negligence of defendant's having failed to install safety plate glass.

(2) Whether, assuming that the alleged injuries suffered by plaintiff arose out of defendant's negligence, in whole or in part, rather than out of an assault and battery, defendant's failure to install safety plate glass was a ministerial or a discretionary function under § 63–30–10(1).

Plaintiff is directed to file her brief thirty days from September 30, 1995. Defendant is directed to file its respondent's brief thirty days thereafter, and plaintiff may file a reply brief fifteen days thereafter. Oral argument will then be scheduled and the case placed on this Court's regular argument calendar.